# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA WHITELEY,** | : | Civil No. 1:14-CV-2220 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY** | : : : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This social security disability appeal comes before us for consideration of a motion to dismiss filed by the defendant, the Acting Commissioner of Social Security. In this motion, the defendant asserts that the complaint filed by the plaintiff, an unsuccessful social security disability claimant, is barred by the statute of limitations that is applicable to such cases.

With respect to this statute of limitations claim, the pertinent facts are undisputed. On September 27, 2011, Melissa filed an application for disability

insurance benefits (DIB). On January 17, 2012, the Commissioner denied Whiteley's application, and three days later on January 20, 2012, the plaintiff filed a timely request for a hearing. On October 3, 2012, an administrative law judge (ALJ) held a hearing on Whiteley's application and, on January 22, 2013, the ALJ issued a decision denying Whiteley's application for these benefits.

Whiteley timely sought Appeals Council review of this adverse decision, but on August 26, 2014, the Appeals Council denied Whiteley's request to review this ALJ decision. The Appeals Council mailed its denial notice to Whiteley at the address she had provided to Social Security, which is identical to the mailing address provided by the plaintiff in this litigation. In its August 26, 2014, denial notice Social Security informed Whiteley of her right to commence a civil action within 60 days from the date of receipt of the notice. In addition, the Appeals Council's denial letter instructed Whiteley that if she could not file this Complaint within 60 days of receipt of the notice, she could request that the Appeals Council extend the time in which she could commence a civil action. The denial notice also indicated that the Appeals Council would presume plaintiff received a copy of the notice within 5 days of the date of the notice. Given this notice, in order to be timely Whiteley needed to file this civil action on or before Thursday, October 30, 2014.

It is undisputed that Whiteley both failed to seek an extension of this filing deadline from the Appeals Council, and failed to meet this particular filing deadline. Instead, Whiteley filed this complaint three weeks after the statute of limitations had expired, on November 20, 2014. (Doc. 1.) That tardy complaint, once filed, was a spare two page handwritten document which decried the fairness of the ALJ ruling in summary terms. (Id.) It is against this factual backdrop of an inexplicable delay in filing this action, a delay spanning weeks, that the Commissioner moves to dismiss this complaint as time-barred. (Doc. 8.)

This motion is fully briefed by the parties (Docs. 9 and 11.) and is, therefore, ripe for resolution. With respect to this motion, for her part Whiteley completely concedes that her complaint was filed weeks after the expiration of this 60 day deadline, and provides no explanation of extraordinary circumstances which would justify equitable tolling of the statute of limitations. Instead, Whiteley, in effect, blames the court, asserting that the failure of the courts to be open on weekends and federal holidays in some fashion constituted the difficulty here. Whiteley makes this claim even though there is no indication that the closure of the court on weekends impeded her filing, and it appears that when Whiteley finally filed her complaint, she chose November 20, 2014, a Thursday, for this task. On this basis of this spare assertion, Whiteley, therefore, insists that we should exclude weekends and federal

holidays from the 60 day calculation, and deem her tardy submission to be timely. (Doc. 11.)

For the reasons set forth below, we find that this claim does not constitute grounds for equitable tolling of this statutorily mandated limitations period. Therefore, it is recommended that this motion to dismiss be granted.

## II.   Discussion

### A.   Motion to Dismiss–Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure is the proper vehicle of challenging the timeliness of the filing of a social security appeal under the statute of limitations. Raffinee v. Comm'r of Soc. Sec., 367 F. App'x 379, 380 (3d Cir. 2010). Indeed, case law permits a limitations defense to be raised in a Rule 12(b)(6) motion, "[when] 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations' " Frazier v. Colvin, No. CIV.A. 13 28, 2013 WL 1891351, at *1 n.1 (W.D. Pa. May 6, 2013) quoting Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate when,

4

accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555.

In undertaking this task, the court generally relies only on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.") However, the court

may not rely on other parts of the record in determining a motion to dismiss. <u>Jordan v. Fox, Rothschild, O'Brien &Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B.     Statute of Limitations– Social Security Appeals

42 U.S.C. § 405 (g) prescribes the period within which one must file a complaint seeking judicial review of an administrative decision denying social security benefits, and provides that: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405 (g).

It is well-settled that this 60 day filing requirement is not a jurisdictional limit on the power of the court, "but rather constitutes a period of limitations." <u>Bowen v. City of New York</u>, 476 U.S. 467, 478 (1986).  Nonetheless, because the limitations period is a condition of the waiver of sovereign immunity, and serves a salutary purpose in ensuring timely submission of claims, this 60 day limitations period "must be strictly construed."  <u>Bowen v. City of New York</u>, 476 U.S. 467, 479 (1986). However, as a statute of limitations, the 60 days limitations period prescribed by §405(g) is also subject to equitable tolling.  Indeed, as the Supreme Court has

observed: "application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.' " Bowen v. City of New York, 476 U.S. 467, 480 (1986).

Adopting these benchmarks courts have held that equitable tolling should be rare and "equitable tolling is 'to be applied sparingly'" Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012), but have agreed that equitable tolling "may be appropriate: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' " Cardyn v. Comm'r of Soc. Sec., 66 F. App'x 394, 397 (3d Cir. 2003) quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994). With respect to equitable tolling claims made in this setting, it is also clear that: "plaintiff bears the burden of establishing that equitable tolling applies. Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir.1997)." Frazier v. Colvin, No. CIV.A. 13-28, 2013 WL 1891351, at *2 (W.D. Pa. May 6, 2013). Furthermore, applying this exacting standard, the court of appeals has concluded that a complaint which is filed three weeks past the 60 day limitations period is time-barred unless the plaintiff can show extraordinary

circumstances that would justify tolling the limitations period. Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012). See e.g., Truckley v. Astrue, No. CIV.A. 12-846, 2013 WL 2278102, at *1 (W.D. Pa. May 22, 2013)(one month past limitations period); Frazier v. Colvin, No. CIV.A. 13-28, 2013 WL 1891351, at *3 (W.D. Pa. May 6, 2013)(4 days past limitations period).

### C. Whiteley's Complaint is Time-Barred

Applying these legal benchmarks, we are constrained to conclude that Whiteley's complaint, which was filed three weeks after the deadline prescribed by the statute of limitations, is now time-barred. In this regard, we note that Whiteley presents no facts which would justify any equitable tolling of this limitations period. Thus, she does not credibly assert that "(1) . . . the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) . . . the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) . . . the plaintiff has timely asserted . . . her rights mistakenly in the wrong forum.' " Cardyn v. Comm'r of Soc. Sec., 66 F. App'x 394, 397 (3d Cir. 2003). Instead, Whiteley seems to blame the court for the dilemma created by her tardiness, noting that the court was not open on weekends and, therefore, demanding that weekends and federal holidays be excluded from the calculation of this 60 day period.

There are several problems with this proposition advance by the plaintiff to justify her unaccountable delay in filing this complaint. First, it simply does not describe one of the narrow class of extraordinary circumstances where equitable tolling of a limitations period is legally appropriate. Cardyn v. Comm'r of Soc. Sec., 66 F. App'x 394, 397 (3d Cir. 2003).

Second, the proposed calculation of deadlines urged upon us by the plaintiff actually violates the Federal Rules of Civil Procedure, which direct us when calculating filing deadlines to "count every day, including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P., Rule 6(a)(1)(B). Therefore, Whiteley invites us to violate the rules governing calculation of deadlines in order to deem her complaint timely.

Third, Whiteley provides no explanation regarding why she was unable to complete the terse two-page handwritten complaint which she ultimately tendered to the court within the 60 days allotted by law for that task. Since "plaintiff bears the burden of establishing that equitable tolling applies Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir.1997)," Frazier v. Colvin, No. CIV.A. 13 28, 2013 WL 1891351, at *2 (W.D. Pa. May 6, 2013), the plaintiff's complete failure to explain how this dilatory conduct constituted due diligence is also fatal here.

Finally, we note that the apparent, but unspoken, rationale underlying the plaintiff's response to this motion to dismiss draws no support form the facts of this case. The plaintiff's asserted frustration at the fact that the court was not accessible on weekends might conceivably support a tolling argument if it was also shown that, due to extraordinary circumstances, the plaintiff could only travel to the courthouse on weekends to file her complaint. However, when Whiteley belatedly filed her complaint on November 20, 2014, she chose a week day–Thursday–to make this filing. Therefore, Whiteley has not shown in any way why she could not have filed this document on a week day within the 60 day period prescribed by law.

In sum, recognizing that this 60 day limitations period "must be strictly construed," Bowen v. City of New York, 476 U.S. 467, 479 (1986), and acknowledging that "equitable tolling is 'to be applied sparingly'" Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012), we find that this complaint was untimely and that the plaintiff has not carried her "burden of establishing that equitable tolling applies. Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir.1997)." Frazier v. Colvin, No. CIV.A. 13-28, 2013 WL 1891351, at *2 (W.D. Pa. May 6, 2013). Therefore, the motion to dismiss should be granted in this case.

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to dismiss the plaintiff's complaint (Doc. 8.) be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of March, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

.