IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA A. WHITELEY,** | : | **CIVIL NO. 1:14-CV-2220** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,** | : | |
| **Defendant** | : | |

# M E M O R A N D U M

## I.   Background

Before the court is a report and recommendation (Doc. 12) filed by the magistrate judge in this social security case.  The magistrate judge recommends that the motion to dismiss filed by the Acting Commissioner of Social Security(Doc. 8) be granted.

On March 26, 2015, Earl G. Whiteley, on behalf of Melissa A. Whiteley, filed a letter addressed to the undersigned and the magistrate judge.  This letter will be deemed to be objections to the report and recommendation.  For the reasons stated below, the report and recommendation of the magistrate judge will be adopted and the motion to dismiss will be granted.

## II.   Discussion

### A.   Procedural Background

The motion to dismiss is based on a statute of limitations claim. Plaintiff filed an application for disability on September 27, 2011.  On October 3,

2012, a hearing was held before an administrative law judge ("ALJ") and, based on that hearing, the ALJ issued a decision on January 22, 2013 denying Plaintiff's application for disability insurance benefits.  Plaintiff sought review by the Appeals Council and on August 26, 2014, the Appeals Council denied the request for review of the decision of the ALJ.

Plaintiff was notified that she could file a civil action within 60 days from the receipt of the denial by the Appeals Council.  (Doc. 9-1 at p. 3, ¶ 3(a).) With the presumption of 5 days for mailing time, the deadline to file a civil action would have been October 30, 2014.  The instant complaint was filed on November 20, 2014.

### B.  The Report and Recommendation of the Magistrate Judge

The magistrate judge thoroughly discussed the applicability of the statute of limitations for social security appeals and concluded that the statute constitutes a period of limitations and was subject to equitable tolling.  (Doc. 12 at p. 6.)  The factors for equitable tolling are (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her right; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. (Doc. 12 at p. 7.)  The magistrate judge found that none of these conditions applied and concluded that the complaint was time barred.

### C.     **Plaintiff's objections to the Report and Recommendation**

Earl G. Whiteley, husband of Melissa A. Whiteley, through a power of attorney[1] signed March 19, 2013, filed the document which this court has deemed to be objections to the report and recommendation.  In the objections, Plaintiff claims that "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action."  (Doc. 13.)  In that document, Plaintiff further claims that her parents received monthly checks from the defendant until June or July, 1996.  It is alleged that Plaintiff requested records of this fact which would have determined Plaintiff's disability at an early age and affect her current disability claim.

The records of this claim shows that on September 27, 2011, Plaintiff protectively filed a Title II application for a period of disability beginning March 1, 2010.  The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through March 31, 2013.  At some point in time after June - July 1996, Plaintiff was gainfully employed.  (Doc. 9-1 at p. 8.)  The onset of disability had to begin March 1, 2010.  The decision of the ALJ was dated January 22, 2013.  Plaintiff's request for old age records was June 2013.

Plaintiff apparently worked for some 14 years before she claimed a disability onset from March 1, 2010, the date of the beginning of alleged disability.  Thus, the records before 1996 would not be determinative of disability beginning on March 1, 2010, where Plaintiff was gainfully employed for a long period of time prior to March 1, 2010.

---

[1] The power of attorney was signed on March 19, 2013.  When the lawsuit was filed, the complaint was signed only by plaintiff as was the request to proceed *in forma pauperis*.  Documents 11 and 13 were signed by Earl Whiteley.

Furthermore, acts of defendant which have impeded suits must be affirmative misrepresentations or other misconduct. *Smith v. American Present Lines, Ltd.*, 571 F.2d 102 n.12 (2d Cir. 1978) (citations omitted).

### III.        Conclusion

Plaintiff has failed to set forth how the defendant affirmatively misrepresented or mislead her in her cause of action.  Plaintiff is not entitled to equitable tolling.  The filing of this law suit is time barred.  Thus, the report and recommendation of the magistrate judge will be adopted.  An appropriate order will be issued.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated:  April 29, 2015.